IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:20cr20 |
| v. | ) | |
| | ) | |
| TONYA SAXBY, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the indictment are true and correct, and that if this case were to proceed to trial, the evidence presented by the United States would establish the following facts beyond a reasonable doubt:

1. During the period from in or about January 2017 through May 2019, in the Eastern District of Virginia, TONYA SAXBY, the defendant, did devise and intend to devise a scheme and artifice to defraud Neopost USA, Navy Exchange Service Command, the United States Postal Service and Christian Broadcasting Network, and for obtaining money and property from said entities, by means of materially false and fraudulent pretenses, representations and promises.

2. At all material times, the defendant was the owner and operator of Mail Solutions of Virginia LLC ("Mail Solutions"), a business located in Chesapeake, Virginia.

3. Mail Solutions was an authorized dealer for Neopost USA ("Neopost"). Neopost is a mail, shipping and document solution company located in Connecticut. It manufactures mail processing equipment, which it leases through rental agreements to companies throughout the United States. In its capacity as a dealer for Neopost, Mail Solutions negotiated and managed

rental agreements, and distributed and serviced Neopost equipment to customers in Virginia and North Carolina.

4. Neopost dealers were authorized to negotiate and enter into equipment rental agreements with customers in accordance with pricing guidelines provided by Neopost. Dealers were not permitted to deviate from these pricing guidelines without obtaining approval from Neopost.

5. It was part of the defendant's scheme and artifice that she negotiated equipment rental agreements with Ferguson Enterprises ("Ferguson"), a company located in Newport News, Virginia. In order to obtain business from Ferguson, the defendant negotiated monthly payment amounts that were significantly lower than the Neopost pricing guidelines and that had not been approved by Neopost. The defendant was well aware that these rental agreements for lower monthly payment amounts would not have been acceptable to Neopost.

6. It was a further part of the defendant's scheme and artifice that she did not forward to Neopost the rental agreements that contained the monthly payment amounts that were significantly lower than the Neopost pricing guidelines and had not been approved by Neopost. Instead, the defendant created false, fictitious and fraudulent rental agreements reflecting higher monthly payment amounts that were within the Neopost pricing guidelines. As an example, the defendant negotiated a rental agreement with Ferguson for a monthly payment of $31.22, but created a fraudulent rental agreement for a monthly payment of $257.83, which she forwarded to Neopost. The defendant forged the signatures of Ferguson employees onto these fraudulent rental agreements, and forwarded them to Neopost. Both Neopost and Ferguson were unaware that the defendant had created these fraudulent rental agreements.

2



7. It was a further part of the defendant's scheme and artifice that she created fraudulent rental agreements that had never been negotiated with Ferguson at any price, and forwarded them to Neopost.

8. The defendant collected the monthly lease payments from Ferguson for transmittal to Neopost. In an attempt to conceal the fraudulent rental agreements for the higher monthly payment amount that she had submitted to Neopost, the defendant made monthly lease payments to Neopost, using a total of $3,688.21 of her own money to make up the difference. However, in eleven (11) instances the payments were returned due to insufficient funds in her bank account.

9. The defendant created and forwarded to Neopost approximately eighty-two (82) fraudulent rental agreements with Ferguson. As a result, Neopost shipped mail processing equipment to offices of Ferguson located throughout the United States. In some instances, Neopost shipped equipment directly to the defendant.

10. By creating the fraudulent rental agreements, the defendant received commissions to which she was not entitled in the approximate amount of $91,707.29.

11. Ferguson and Neopost eventually discovered that the defendant had created fraudulent rental agreements, and Ferguson cancelled all of the rental agreements that it had negotiated with the defendant. As a result, Neopost took possession of all the equipment that had been shipped to Ferguson offices. Neopost, which provides only new equipment to customers, subsequently disposed of said equipment, resulting in a loss to it of approximately $801,634.46.

12. In addition, the defendant also embezzled monies that had been provided by customers to Mail Solutions for the purpose of purchasing postage. Those customers had postage meters installed on their mail processing equipment. Several customers provided the defendant with monies to pay the United States Postal Service to load funds into their postage

3



meters so that postage could be affixed to outgoing mail. Instead, the defendant used these monies for her own personal benefit, resulting in a loss to the United States Postal Service of $38,544.32 after it had already loaded postage into the customers' meters.

13. Similarly, Neopost provided financing to customers to load funds into their postage meters so that postage could be affixed to outgoing mail. The defendant collected payments from customers that were intended to be transmitted to Neopost as payment of the funds owed to Neopost under the financing agreement. Instead, the defendant used these monies for her own personal benefit, resulting in a loss to Neopost of $35,856.61.

14. The defendant also received funds from Navy Exchange Service Command in the amount of $16,955.60 to purchase postage. Instead, she used the money for her own personal benefit.

15. The defendant also received funds from Christian Broadcasting Network in the amount of $38,300.00 to purchase postage. Instead, she used the money for her own personal benefit.

16. On or about April 30, 2018, in the Eastern District of Virginia, for the purpose of executing the aforesaid scheme and artifice and attempting so to do, the defendant knowingly caused to be delivered by Federal Express Freight, a commercial interstate carrier, according to the direction thereon, mail processing equipment.

G. Zachary Terwilliger
United States Attorney

By: *[signature]*
Alan M. Salsbury
Assistant United States Attorney

I hereby stipulate that the above Statement of Facts is true and accurate, and that if this case had proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Tonya Saxby

I have reviewed the above Statement of Facts with Tonya Saxby and her decision to stipulate to the accuracy of these facts is an informed and voluntary one.

_____
George H. Yates
Counsel for the defendant